Jamarjashvili v. Barr

BIA
Hom, IJ
A087 665 046/047

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> *Circuit Judges.*

_____

ELENE JAMARJASHVILI, LEVAN
IRAKLIEVICH JALIASHVILI,
> *Petitioners,*

> v.                                          17-3263
>                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONERS:          Isabella Mayzel, Springfield, NJ.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant
                          Attorney General; John S. Hogan,
                          Assistant Director; Mona Maria
                          Yousif, Trial Attorney, Office of
                          Immigration Litigation, United

---

1 The Clerk of the Court is directed to amend the caption as above.

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Elene Jamarjashvili and Levan Iraklievich Jaliashvili, natives and citizens of Georgia, seek review of a September 13, 2017, decision of the BIA affirming an August 4, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elene Jamarjashvili, Levan Iraklievich Jaliashvili,* No. A 087 665 046/047 (B.I.A. Sept. 13, 2017), *aff'g* No. A 087 665 046/047 (Immig. Ct. N.Y. City Aug. 4, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA and limit our review to the agency's adverse credibility determination and the BIA's ineffective assistance of counsel analysis. *See Yun-Zui Guan v.*

2

*Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

**Adverse Credibility Determination**

We review adverse credibility determinations under the substantial evidence standard. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

As an initial matter, the IJ did not err in failing to

3

consider whether Jamarjashvili had a claim of religious persecution. The IJ acknowledged the sole incident in question, in which the police allegedly pulled a crucifix off the wall of Jamarjashvili's home. Jamarjashvili did not explicitly apply for asylum on religious grounds and included no reference to this one incident in her application. Moreover, she testified that Catholics in Georgia "officially are not persecuted" but rather are "subjected to smirking, harassment, and are repressed." Because harassment, without more, does not constitute persecution, Jamarjashvili failed to state a claim of religious persecution on these facts. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

Substantial evidence supports the agency's determination that Jamarjashvili was not credible as to her claim of political persecution. The agency reasonably relied on discrepancies among Jamarjashvili's testimony, her application statement, and documentation of the sale of her property. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Jamarjashvili testified that the state targeted her, in part, by seizing her property in a sham transaction.

4

However, a document she proffered shows that the property in question was sold in an auction to offset a debt.  This inconsistency, which undermined Jamarjashvili's credibility as to the alleged incidents of persecution and as to her allegation that the government was targeting her, provides substantial support for the adverse credibility determination.  *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency relating to central aspect of asylum claim provided substantial evidence for adverse credibility determination).  The IJ was not required to credit Jamarjashvili's explanation that the event described in the document was fabricated.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (quotation marks omitted)).

The agency also properly relied on a discrepancy in how Jamarjashvili described the identities of her July 2009 assailants.  She testified that undercover police officers

in civilian clothing attacked her, but her application reported that "goons" assaulted her. The agency was permitted to rely on this inconsistency because Jamarjashvili differentiated between the police and criminals, or "goons," throughout her written statement, and the difference implicates the question of whether the alleged persecutors were government actors. *See Xian Tuan Ye*, 446 F.3d at 295; *Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) (requiring asylum applicant to show persecution by the government or by actor(s) the government is "unable or unwilling to control"). Because the IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we decline to disturb the finding. *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).

The agency's demeanor finding bolsters the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing IJ to rely on "demeanor, candor, or responsiveness of the applicant"). We generally "give particular deference" to adverse credibility determinations "that are based on the adjudicator's observation of the applicant's demeanor." *Li*

6

*Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The record supports the IJ's conclusion that Jamarjashvili did not adequately explain how she was able to identify police officers out of uniform. She testified that police officers in civilian clothes attacked her at least five times. When asked how she could identify them as police officers, she failed to give a direct or responsive answer: she reiterated that they were not dressed like police officers and posited that their physical appearances and the way they spoke set them apart. Accordingly, the IJ reasonably viewed her demeanor as undermining her credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400-01 (2d Cir. 2006) ("Evasiveness is . . . one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility.").

Furthermore, the agency reasonably found that Jamarjashvili failed to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already

7

been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). First, the IJ was permitted to afford witness statements limited weight because their authors were not available for cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (reasoning that courts "generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and deferring to agency's decision to give limited weight to letter from applicant's spouse in China).

Second, the IJ was permitted to give the letters from the Ministry of Internal Affairs diminished weight. *Id.* at 332. Jamarjashvili rightfully notes that 8 C.F.R. § 1287.6 is not the sole method of authenticating a foreign document and that it would be difficult to authenticate documents from her alleged persecutor. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir. 2005). Her argument that the IJ should have allowed her to "attempt to authenticate the documents in some other fashion," PB at 17, fails to persuade given that she had more than six years to authenticate the documents between the time she filed her application and her merits hearing. Even if fully credited, the documents are

8

not probative of her alleged persecution because they show that she was instructed to report for questioning as a suspect but do not specify what she was suspected of having done. *See Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010) (reasoning that prosecution is not persecution absent evidence that prosecution is a pretext to target the applicant on account of a protected ground).

Given the inconsistencies relating to the alleged incidents of persecution, Jamarjashvili's vague responses, and the insufficient corroborating evidence, the totality of the circumstances supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims rely on Jamarjashvili's credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

**Ineffective Assistance of Counsel**

Finally, despite her attorney's errors, Jamarjashvili failed to establish ineffective assistance of counsel. To demonstrate ineffective assistance, an applicant must show that counsel's allegedly deficient performance prejudiced

9

her.  *See Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010). Jamarjashvili argues that her attorney failed to highlight and tab background evidence, but fails to establish prejudice because she did not identify evidence that would have changed the outcome of her case had the IJ afforded it more weight.  *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993) (reasoning that, to allege prejudice, petitioner must show that "result would have been different" had counsel not erred).  Similarly, although she argues that she was not able to fully present her case before the IJ because her attorney interrupted her cross examination, she does not identify what information she was unable to convey to the IJ.

For the foregoing reasons, the petition for review is DENIED.  The motion for a stay of removal is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

10